[No. 2176.]

THE NEWLON-HART GROCER COMPANY v. PEET.

1. Appellate Practice—Findings—Conflicting Evidence—Promise to Pay Debt of Another.

The finding of the trial court as to whether or not a party promised to pay the debts of others made upon conflicting testimony is conclusive upon the appellate court.

2. Attachment—Non-Resident—Change of Residence—Evidence.

A finding of the trial court that a defendant in an attachment suit was a resident of the state so as to defeat an attachment based on the ground of non-residence is supported by evidence which shows that defendant had been a resident of the state for a number of years, that he had gone out of the state and was absent from the state when the attachment was sued out,

and where defendant and his wife testified that he had only temporarily left the state to accept a three months' job of work, leaving his household goods in the state.

*Appeal from the County Court of Pueblo County.*

Mr. W. B. McNEAL, for appellant.

Mr. H. P. VORIES, for appellee.

WILSON, P. J.

Plaintiff company was engaged in the grocery business in the city of Pueblo. It is claimed that the defendant while in its employ as bookkeeper and confidential clerk assumed and promised orally to be responsible for and pay several small accounts of individuals to whom he had extended credit. This suit was brought upon that promise. It was instituted in a justice court, and by attachment. There were of course no written pleadings. Judgment both upon the merits of the case and upon the attachment, was in favor of the defendant. Upon appeal to the county court, a similar judgment was rendered. Counsel for plaintiff correctly state that the two leading questions involved and which are decisive of the case, are: Was the defendant indebted to the plaintiff in any sum at the time suit was brought? Second, Was the defendant a nonresident at the time of suing out the attachment?

The court found that the defendant was not indebted to the plaintiff in any sum, and this finding was made upon conflicting evidence. There was testimony to the effect that he had made the promise alleged, but the defendant, who testified in his own behalf, positively denied it. Under the well-settled rule, we are concluded by the finding of the trial court. The making of this promise being in issue, and the finding being in favor of the defendant upon that point, it is not necessary to consider whether the statute of frauds applied or not.

The attachment was based upon the alleged non-residence of defendant. He had been a resident of Pueblo for a number of years, but it was claimed that shortly prior to the suing out of the attachment, he had changed his residence to New Mexico. The question of change of residence is largely dependent upon intention, and where the intention is not openly expressed, it must be gathered from the facts proved. In this case the large preponderance of the evidence was unquestionably in favor of the finding of the county court, that at the time of the issuance of the attachment, the defendant was still a *bona fide* resident of Pueblo. It was shown by the testimony of defendant and his wife that he had simply temporarily left Pueblo and gone to New Mexico for the purpose of taking a three months' job of work which had been offered him, leaving his household goods in Pueblo. There was nothing shown to the contrary upon which to base more than a bare suspicion. We think the finding of the court was correct.

The judgment will be affirmed.     *Affirmed.*